# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| TIMOTHY SHELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-CV-086 ) |
| MITZIA WADDILL, | ) Judge Collier ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, a former prisoner in the Carter County Jail, filed a complaint alleging that jail officers and/or medical providers were deliberately indifferent to his serious medical needs by failing to properly care for an injury to the skin on his arm [Doc. 2]. After the Court entered a series of orders assisting Plaintiff with obtaining the name of the individual(s) he wished to sue herein, Plaintiff filed an amended complaint naming Mitzia Waddill as the only Defendant [Doc. 19]. Accordingly, on April 22, 2020, the Court entered an order directing the Clerk to send Plaintiff a service packet for this Defendant, allowing Plaintiff twenty days to return the completed service packet, and warning Plaintiff that failure to timely comply with that order would result in dismissal of this action [Doc. 20 at 2]. More than twenty days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court.

Also, more than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing the Court's previous order as undeliverable with a notation indicating that he has been released from Carter County Jail, which was the last address he provided to the Court [Doc. 21 at 1; Doc. 15]. The Court has repeatedly notified Plaintiff that he is required to notify the Court of any change of address within fourteen days and that this matter may be dismissed if

he fails to do so [Doc. 3 at 1; Doc. 4 at 5; Doc. 7 at 2; Doc. 9 at 2; Doc. 14 at 3; Doc. 18 at 4; Doc. 20 at 2] and Plaintiff has recognized this requirement by twice updating the Court regarding his previous changes in address [Docs. 6, 15]. However, Plaintiff has not notified the Court of any change in address in the last two weeks.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's previous order and/or update his address is due to Plaintiff's willfulness and/or fault, as the Court warned Plaintiff that failure to comply with its previous order by returning a completed service packet would result in dismissal of this matter, and also repeatedly warned Plaintiff that failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendant.

2

As to the third factor, again, as set forth above, the Court repeatedly warned Plaintiff that it may dismiss this case if he did not timely update his address, and also warned Plaintiff that failure to comply with its previous order by returning a completed service packet would result in dismissal of this matter.

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the record establishes that Plaintiff has failed to comply with the Court's clear instructions despite being warned that failure to do so could result in dismissal of this matter.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**